UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY M. PILAND,<br><br>        Petitioner,<br><br>vs.<br><br>KEVIN KEMPF,[1]<br><br>        Respondent. | Case No. 1:16-cv-00326-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner Kelly M. Piland filed a Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, and Petitioner has filed a Response. (Dkts. 18, 21.) All parties who have appeared in this case have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 20.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented

---

[1] Petitioner is now on parole. Therefore, the Court substitutes as respondent the Director of the Idaho Department of Correction (Kevin Kempf), who is the state officer with legal custody of Petitioner. *See* Rule 2(a), Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the custodian "is the person with the ability to produce the prisoner's body before the habeas court.").

**MEMORANDUM DECISION AND ORDER - 1**

the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

## REVIEW OF MOTION FOR SUMMARY DISMISSAL

**1.    Standard of Law**

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] 28 U.S.C. § 2244(d)(1)(A). One year means 366 days, for example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his claim:

---

[2]    There are several other less common triggering events for the statute of limitations which are set forth in subsections 2244(d)(1)(B)-(D).

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each instance above, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Because this particular statutory provision applies only to "pending" actions, the

**MEMORANDUM DECISION AND ORDER - 3**

additional 21-, 42- and 90-day time periods associated with the calculation of finality after direct appeal are *not* applied to extend the tolling periods for post-conviction actions. However, unlike direct appeal "finality," the term "pending" *does* extend through the date of the remittitur.[3]

The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

## 2. Background

In a state criminal action in the Fourth Judicial District Court in Ada County, Idaho, Petitioner pleaded guilty to and was convicted of DUI and giving false information to law enforcement officers. Judgment was entered on January 13, 2011, with Petitioner receiving a unified sentence of 10 years, with the first two years fixed. (State's Lodging A-1, pp. 6-10.) However, the state district court placed Petitioner in the retained

---

[3] *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). "Pending" is determined according to each particular state's law. In Idaho, an appellate case remains pending until a remittitur is issued. *See Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Idaho Ct. App. 1999).

**MEMORANDUM DECISION AND ORDER - 4**

jurisdiction "rider" program to give him an opportunity to qualify for probation. On May 11, 2011, after Petitioner successfully completed the rider program, the state district court suspended Petitioner's prison sentence and placed him on probation for 10 years. (*Id.*, pp. 11-16.) Petitioner did not file an appeal from the original judgment.

Petitioner was later charged with a probation violation. (State's Lodging A-1, pp. 17-26.) On April 4, 2013, the state district court revoked probation and ordered Petitioner to serve his original sentence. (State's Lodging A-1, pp. 27-79.) Petitioner did not file an appeal contesting the probation revocation. (State's Lodging A-1, p. 30.)

On March 14, 2016, Petitioner filed an Idaho Criminal Rule 33(c) motion to withdraw his guilty plea. On March 18, 2016, the state district court denied the motion because the court did not have jurisdiction to hear an untimely motion. (State's Lodging A-1, pp. 30-38.) Petitioner attempted to file an appeal, but it was rejected as untimely. (State's Lodgings A-1, pp. 39-46; B-1 through B-3.)

On July 18, 2016, Petitioner filed his federal Petition for Writ of Habeas Corpus. (Dkt. 3.) Petitioner brings a claim that his counsel performed ineffectively by failing to file a direct appeal. Petitioner does not make it clear in the Petition which underlying claims should have been asserted in the direct appeal. The Court permitted Petitioner to proceed on his claim based on the same facts and constitutional basis that he asserted in state court.

**MEMORANDUM DECISION AND ORDER - 5**

3.  **Analysis**

Petitioner's ineffective assistance of trial counsel claim arises from the failure to file an appeal after the original judgment was entered. After judgment was entered and after the probation violation finding, the state district court did not enter a new or amended judgment. Rather, the state district court simply ordered that the original judgment and sentence be put into effect. Therefore, for purposes of the federal statute of limitations, because Petitioner did not file a direct appeal, his January 13, 2011 judgment became final 42 days after it was entered, which is calculated to be February 24, 2011.

Therefore, the federal statute of limitations ran from February 24, 2011, through February 24, 2012. Though orders were entered affecting Petitioner's probation, as noted above no new or amended judgment was ever entered that would have restarted the statute of limitations for a claim that trial counsel neglected to file a notice of appeal after the original judgment was entered. Neither is Petitioner challenging any order regarding revocation or another aspect of probation, such that his statute of limitations would have run from a later date. The federal statute expired on February 24, 2012, without Petitioner having filed any state court document or action that would have tolled the statute.

The Court agrees with Respondent's analysis that, even accepting Petitioner's argument that his conviction became final 42 days after the state district court's entry of the April 4, 2013 order revoking probation and executing the prison sentence, the federal Petition for Writ of Habeas Corpus filed on July 20, 2016, still would be over two years too late. Petitioner's 2016 Rule 33 action was filed too late to toll the statute (even if it

had been deemed a "properly filed" post-conviction action, which it was not). Late-filed actions cannot resurrect a statute of limitations period that has already expired. Accordingly, the Court concludes that the Petition is untimely.

### A. *Equitable Tolling*

If a petition is deemed untimely, a federal court can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, the Supreme Court clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." 544 U.S. 408, 418 (2005). In addition, there must be a causal link between the lateness and the extraordinary circumstances. *See Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) (holding that a petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence).

Ignorance of the law without more, is not grounds for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a petitioner's "inability correctly to calculate the limitations period" and "lack of legal sophistication" are not "extraordinary circumstance[s] warranting equitable tolling"). The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

Petitioner has not presented any facts to show equitable tolling should be applied under the circumstances. Neither did the Court see any such facts in its independent review of the record. Therefore, equitable tolling does not apply.

B. *Actual Innocence*

The United States Supreme Court has recognized an "actual innocence" exception to the AEDPA statute of limitations, and has ruled that the exception applies where a petitioner meets the rigorous actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). "'Actual innocence means factual innocence, and not mere legal insufficiency.'" *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he bears the burden to show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. at 327; *see also House v. Bell*, 547 U.S. 518, 539 (2006). The standard is demanding and permits review only in the "extraordinary" case. *Schlup*, 513 U.S. at 327 (citation omitted).

Specifically, as to cases in which a petitioner challenges his guilty plea, the United States Supreme Court observed:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong

**MEMORANDUM DECISION AND ORDER - 8**

> presumption of verity. The subsequent presentation of conclusory
> allegations unsupported by specifics is subject to summary dismissal, as are
> contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner asserts that, on July 18, 2016, he filed a motion for reconsideration, seeking records that would prove his innocence, but he never received the records. He asks the Court to order that police records, particularly the traffic ticket that shows he was driving a "Nisson Pv [sic] that was being towed behind a motorhome." Petitioner asserts that this record shows that he "was not in any vehicle," and he was "not in physical possession of any vehicle. Or key[]s." (Dkt. 21, p. 2.)

The charging information alleges that Petitioner "did drive or was in actual physical control of a motor vehicle, to wit: a tan 1988 Chevrolet Alegra motor home." (State's Lodging A-1, p. 2.) Petitioner was also charged with giving a false name and/or date of birth to investigating law enforcement officers. (*Id.*)

It does not appear that a transcript of the change-of-plea hearing was prepared. In Idaho, a guilty plea requires that the defendant acknowledge that there is a factual basis underlying the criminal charge.

In addition, the transcript from the preliminary hearing shows that a witness, Mr. Rosso, testified that he saw a motorhome weaving across three lanes on the Interstate and followed the motorhome off an exit (as directed by law enforcement officers). He did not see who was driving, but he did not believe that the motorhome was towing anything. (State's Lodging A-2, pp. 4-9.)

**MEMORANDUM DECISION AND ORDER - 9**

Boise City Police Officer Adam Schloegel testified that, when he approached Petitioner, who was outside the motorhome talking to an assisting officer, Petitioner appeared impaired. Petitioner admitted that "he had three or four beers several hours earlier on the interstate, said that he had pulled off the interstate and he consumed several beers, and that would have been several hours prior to the stop." (State's Lodging A-2, p. 15.) Officer Schloegel also testified that Petitioner "stated that he was traveling on his way to Utah and then was driving the motorhome to get there, and that's how he arrived at the location where he was at." (*Id.*, p. 16.) No one else appeared to be in the motorhome when Petitioner and officers secured it, although Officer Schloegel did not know that for sure. (*Id.*, pp. 16-17.) Officer Scholegel does not recall that the motorhome was towing anything. (*Id.*, p. 20.)

Petitioner now demands a copy of the traffic ticket, because he believes it shows that he was driving a "Nisson Pu [sic] that was being towed behind a motorhome." However, he has offered no affidavit from—or even a plausible explanation about—the person who was allegedly driving the motorhome or any information about who owned the alleged vehicle that was being towed (including any title or registration). Not being in control of the motor home would have been a very simple defense to put on, rather than pleading guilty. Petitioner's counsel was skillful and tough on the prosecution at the preliminary hearing (*see* State's Lodging A-2), and it is beyond comprehension that counsel would not have put on this defense at trial, rather than advising Petitioner to plead guilty based on the State's circumstantial evidence pointing to Petitioner as the

**MEMORANDUM DECISION AND ORDER - 10**

driver of the motorhome. Petitioner has not provided sufficient facts—that clearly would be within his own knowledge—to warrant the Court permitting him to proceed on a discovery expedition. His claim of actual innocence fails for lack of supporting facts.

4.  Conclusion

Petitioner filed his federal Habeas Corpus Petition too late. Neither the equitable tolling nor the actual innocence exception applies to permit the Court to hear the merits of his claim. Accordingly, the Court will dismiss the Petition with prejudice on statute of limitations grounds. As a result, the Court does not reach Respondent's argument that the claim is also procedurally defaulted.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 18) is GRANTED.
2. Petitioner's Petition (Dkt. 3) and this entire action are DISMISSED with prejudice.
3. Reviewing the claim and the Court's conclusions anew, the Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner

may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: November 14, 2017

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge